# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-456V
UNPUBLISHED

| | |
|---|---|
| RAINE LEARN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 3, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On March 28, 2018, Raine Learn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration after receiving the influenza vaccine on October 17, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 24, 2019, Respondent filed his Rule 4(c) report (Report) recommending that entitlement to compensation be denied. ECF No. 27. In his Report, Respondent states that Petitioner has not met her burden of proof. *Id.* Specifically, Respondent asserts that Petitioner has failed to establish a SIRVA Table claim because

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(a) Petitioner has not established that her symptoms began within 48 hours after vaccination; and (b) "the record does not demonstrate that petitioner's flu shot placement correlated with her description of pain." *Id*. at 5-6.  Subsequently, Petitioner filed supplemental affidavits to support that the requirements for a SIRVA claim were met in this case.  *See* ECF Nos. 32 and 33.  A status conference was then held to discuss my position on the issue of the onset of Petitioner's symptoms.

On January 31, 2020, Respondent filed an amended Rule 4(c) report (Amended Report) in which he concedes that Petitioner is entitled to compensation in this case.  ECF No. 39.  Specifically, Respondent states that the medical personnel at the Division of Injury Compensation Programs (DICP) "has reevaluated the petition and exhibits filed in this case. Based on that review, DICP has concluded that petitioner's alleged injury is consistent with SIRVA, as defined on the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation or dysfunction in her left shoulder prior to vaccination; her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms." *Id*. at 5 (citations omitted).  Respondent further agrees that "petitioner met the statutory severity requirements by suffering the residual effects of her condition for more than six months after the administration of the vaccine," and "[t]he scope of damages to be awarded is limited to petitioner's SIRVA and its related complications only." *Id*. at 5-6 (citations omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
