# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-456V
UNPUBLISHED

| | |
|---|---|
| RAINE LEARN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: April 3, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Linda Sara Renzi, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 28, 2018, Raine Learn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries resulting from the adverse affects of the influenza vaccine received on October 17, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 23, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her left SIRVA. On April 3, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $30,190.20. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $30,190.20 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RAINE LEARN, ) | |
| ) | |
| Petitioner, ) | No. 18-456V   ECF |
| ) | |
| v. ) | Chief Special Master |
| ) | Brian H. Corcoran |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Compensation for Vaccine Injury-Related Items**

On January 31, 2020, respondent filed an Amended Rule 4 (c) Report conceding entitlement in this case. On February 3, 2020, the Court issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Respondent proffers that based on the evidence of record, petitioner should be awarded $30,190.20, consisting of $30,000.00 in pain and suffering and $190.20 in past unreimbursed expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

> A lump sum payment of $30,190.20, in the form of a check payable to petitioner, Raine Learn. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

                                          Respectfully submitted,

                                          JOSEPH H. HUNT
                                          Assistant Attorney General

                                          C. SALVATORE D'ALESSIO
                                          Acting Director
                                          Torts Branch, Civil Division

                                          CATHARINE E. REEVES
                                          Deputy Director
                                          Torts Branch, Civil Division

                                          HEATHER L. PEARLMAN
                                          Assistant Director
                                          Torts Branch, Civil Division

                                          <u>/s/ Linda S. Renzi</u>
                                          LINDA S. RENZI
                                          Senior Trial Counsel
                                          Torts Branch, Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 146
                                          Benjamin Franklin Station
                                          Washington, D.C. 20044-0146
Dated:  April 2, 2020                    Tel.: (202) 616-4133

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.